UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__4/20/2020__
```

---------------------------------------------------------------------X
                                                    :
CESAR AUGUSTO CORRALES,                             :
                                                    :
                                    Plaintiff,      :          19-cv-4532 (LJL)
                                                    :          DEFAULT
            -v-                                     :          JUDGMENT
                                                    :
AJMM TRUCKING CORP. ET AL,                          :
                                                    :
                                    Defendants.     :
                                                    :
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        Plaintiff Cesar Augusto Corrales moves for default judgment pursuant to Rule 55(b)(2) of

the Federal Rules of Civil Procedure.  For the reasons discussed below, the Court orders the

entry of default judgment and awards $95,711.34 in damages (including prejudgment interest)

and $16,292.38 in attorney's fees and costs.

### Background and Procedural History

        This case arises from Plaintiff's employment at AJMM Trucking Corporation ("AJMM

Trucking") as a welder from February 2015 until November 2018.  (Dkt. No. 1 ¶ 6.)  Plaintiff

alleges that AJMM Trucking and its owner, Wilson Morocho (collectively "Defendants"),

violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York

Labor Law (NYLL).  Plaintiff filed a Complaint on May 17, 2019 and properly served

Defendants.  (Dkt Nos. 1, 11, 12.)  Defendants failed to file an answer or otherwise move with

respect to the action and the Clerk of the Court filed a Certificate of Default on July 25, 2019.

(Dkt. No. 16.)  Pursuant to its Individual Practices in Civil Cases, the Court ordered on February

14, 2020 that Plaintiff move for default judgment.  (Dkt. No. 22.)  Plaintiff moved for default

judgment on February 25, 2018.  (Dkt. No. 24.)  The Court set a telephonic default judgment

hearing for April 20, 2020.  (Dkt. No. 28.)  The order setting the default judgment hearing was

served on Defendants on March 20, 2020 and proof of service was filed on March 23, 2020.

(Dkt. No. 29.)  Counsel for Plaintiff appeared at the telephonic default judgment hearing on April

20, 2020.  Counsel for Defendants did not.

### *Jurisdiction*

Jurisdiction over the FLSA claims is proper under 28 U.S.C. § 1331 and jurisdiction over

the NYLL claims is proper pursuant to 28 U.S.C. § 1367.  While Plaintiff appears to only seek

damages based upon state law claims,[1] that does not preclude the Court from exercising

supplemental jurisdiction over the state law claims.  Plaintiff's pursuit of liability under the

FLSA—even if the FLSA does not provide for additional damages—supplies the Court's

jurisdiction over the matter.

Even if Plaintiff had abandoned the FLSA claims, the Court may still retain supplemental

jurisdiction.  Retaining supplemental jurisdiction in such circumstances is discretionary.  *See* 28

U.S.C § 1367(c) ("district courts *may* decline to exercise supplemental jurisdiction") (emphasis

added); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).  The Court's

discretionary decision to retain supplemental jurisdiction is guided by four factors: judicial

economy, convenience, fairness, and comity.  *Id*.  In this case, the first three factors strongly

favor retaining jurisdiction.  With a default judgment motion filed and briefed, the Court need

only expend minimal judicial resources to conclude this case.  Moreover, dismissing the state

---

[1] Plaintiff argues that "Defendants violated the overtime provisions of the FLSA and NYLL."  *See* Dkt.
25, at 15.  However, both prejudgment interest and liquidated damages are not available for FLSA
violations, while they can both be awarded under NYLL.  *See Wicaksono v. XYZ 48 Corp.*, 2011 WL
2022644, at *8 (S.D.N.Y. May 2, 2011), *adopted by* 2011 WL 2038973 (May 24, 2011).  Therefore,
Plaintiff's request for damages, liquidated damages, and prejudgment interest for the overtime violations
can only be supported under the NYLL.

law claims and requiring Plaintiff to refile in state court would needlessly delay recovery against defendants who have not even appeared.   The Court finds that these considerations outweigh the interests of comity.

### Default Judgment

A court considers three factors in considering a motion for default judgment: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Santana v. Latino Express Restaurants, Inc.*, 198 F.Supp.3d 285, 291 (S.D.N.Y. 2016) (quoting *Mason Tenders Dist. Council v. Duce Const. Corp.*, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)).   In this case, all three factors weigh in favor of ordering default judgment.   Defendants' failure to appear, despite proper service of the Complaint and the motion for default judgment, indicates willful conduct.   *See id.* at n.2. Moreover, Defendants have not presented any meritorious defenses.   Finally, Plaintiff faces substantial prejudice because without a default judgment, he cannot vindicate his legal rights.

Having evaluated these factors, "[the Court] must decide whether the plaintiff has pleaded facts supported by evidence sufficient to establish the defendant's liability with respect to each cause of action asserted." *Id.* at 291.

### Liability

"A defendant's default is an admission of all well-pleaded factual allegations in the complaint except those relating to damages." *Santillan v. Henao*, 822 F.Supp.2d 284, 290 (E.D.N.Y. 2011).   However, a default is not an admission of conclusions of law.   *Id.*   The Court must determine whether the "unchallenged facts constitute a legitimate cause of action." *Id.* (quoting *Leider v. Ralfe*, 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004)).   As discussed

3

below, Plaintiff adequately pleaded the minimum wage claim (NYLL), unpaid overtime claim (FLSA & NYLL), and the failure to provide accurate wage notices and wage statements (NYLL).  Plaintiff has not established his federal minimum wage claim.

As an initial matter, Defendants are covered by the FLSA and the NYLL.  For purposes of the FLSA, Defendant AJMM Trucking is covered by the FLSA because its annual sales exceeded $500,000 and its employees worked on goods that had moved in interstate commerce. (Dkt. No. 1 ¶ 10-11); *see also* 29 U.S.C. § 203(s)(1)(A).  Defendant Morocho is covered by the FLSA because he exercised operational control over Plaintiff in the course of his employment. (Dkt. No. 1 ¶ 12-15); *see also Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013).  For purposes of the NYLL, Defendants satisfy the definition of an employer.  *See* N.Y. Lab. L. § 651(6).

<u>Minimum wage claim (NYLL)</u>

Because Plaintiff was not paid an hourly rate, Plaintiff's wage rate is determined by dividing his salary by the number of hours worked in the relevant period.  *See  Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 506 (S.D.N.Y. 2013).  Due to Plaintiff's varying hours and pay, there are three relevant time periods.  "From approximately February 2015 until December 2017," Plaintiff was paid $800 per week and worked approximately 75.5 (or the average of 71 and 80) hours per week.  (Dkt. No. 1 ¶¶ 21; 18.)  From "approximately December 2017" until "summer 2018," Plaintiff was paid $900 per week and continued to work approximately 75.5 hours per week.  (Dkt. No. 1 ¶¶ 22; 18.) "From approximately summer 2018 to November 2018," Plaintiff worked 56 hours per week and continued to be paid $900 per week.  (Dkt. No. 1  ¶¶ 19; 22.)  The relevant hourly wages are calculated in the chart below.  The Court uses the midpoint of the month where the Complaint only refers to a month and uses September 1 as an

approximation of the beginning of late summer.

| Start | End | Hours Per Week | Weekly Pay ($) | Wage ($/hour) |
|-------|-----|----------------|----------------|---------------|
| 02/15/2015 | 12/15/2017 | 75.5 | 800 | 10.60 |
| 12/16/2017 | 08/31/2018 | 75.5 | 900 | 11.92 |
| 09/01/2018 | 11/15/2018 | 56 | 900 | 16.07 |

The NY minimum wage in effect from December 31, 2017 until December 31, 2018 for small employers in New York City was $12.00 per hour. N.Y. Lab. L. § 652(1)(a)(ii). Preceding that time period, it was only $10.50. *Id.* Thus, Plaintiff's wage from December 31, 2017 until August 31, 2018 fell below the statutory minimum by $0.08. Plaintiff fails, however, to establish a federal minimum wage claim. The federal minimum wage was $7.25 per hour throughout his employment and his hourly pay exceeded that rate at all times. *See* 29 U.S.C. § 206(a)(1)(C).

### Unpaid overtime claim (FLSA & NYLL)

Under both the FLSA and the NYLL, Plaintiff is owed time and a half for hours worked beyond 40 hours. 29 U.S.C. § 207; 12 N.Y.C.R.R. § 142-2.2. Plaintiff has pleaded that he worked in excess of 40 hours per week. As discussed above, from September 2018 through November 2018, Plaintiff worked an average of 56 hours per week. During the preceding period, Plaintiff worked an average of 75.5 hours per week. The entire span of Plaintiff's employment falls within the NYLL's six-year statute of limitations. *See* N.Y. Lab. L. 198(3). And the FLSA's three-year statute of limitations (applicable to willful violations) covers May 17, 2016 onward. *See* 29 U.S.C. § 255(a). Because Defendants have failed to appear, this Court credits Plaintiff's allegation that Defendants' conduct was willful. (Dkt. No. 1 ¶ 36.)

### Wage notice and statement claim (NYLL)

Under the NYLL, employers are required to provide a written notice containing an

employee's wage rate and other related information "at the time of hiring" the employee.  N.Y. Lab. L. § 195(1)(a).  Employers must also provide statements upon every payment of wages listing the hours worked and other related information.  *See* N.Y. Lab. L. § 195(3).  Plaintiff adequately pleaded that he did not receive the required wage notice and statements.  (Dkt. No. 1 ¶¶ 50; 54.)  Thus, Defendants are liable.

### *Damages*

"Although the court is not obligated to hold an evidentiary hearing to determine damages, it must take the necessary steps to establish damages with reasonable certainty."  *Santana*, 198 F.Supp.3d at 291 (quotation omitted).

### Minimum wage claim (NYLL)

Plaintiff was underpaid by $0.08 from December 31, 2017 until August 31, 2018.  For these 34.86 weeks, Plaintiff is owed 34.86 multiplied by $0.08, multiplied by 75.5, or $210.55.  Plaintiff is also entitled to liquidated damages equal to the amount of actual damages. *See* N.Y. Lab. L. § 198(1-a).  Therefore, Plaintiff is entitled to an additional $210.55.

### Unpaid Overtime (FLSA & NYLL)

Plaintiff is owed the number of hours worked exceeding 40 hours per week, multiplied by the applicable wage, multiplied by the number of weeks in the applicable time period, multiplied by 0.5.  *See Santillan*, 822 F.Supp.2d at 295.  The time period from December 16, 2017 to August 31, 2018 is divided into two periods, the latter encompassing the period when Plaintiff's wage was below the minimum wage.  For that period, the minimum wage is used instead of his actual wage for calculating unpaid overtime.

| Start | End | Hours Per Week | Hours Per Week Over 40 | Wage ($/hour) | Period (weeks) | Overtime Owed ($) |
|---|---|---|---|---|---|---|
| 02/15/2015 | 12/15/2017 | 75.5 | 35.5 | 10.60 | 147.86 | 27,819.86 |
| 12/16/2017 | 12/30/2017 | 75.5 | 35.5 | 11.92 | 2.14 | 452.78 |
| 12/31/2017 | 08/31/2018 | 75.5 | 35.5 | 12.00 | 34.86 | 7,425.18 |
| 09/01/2018 | 11/15/2018 | 56 | 16 | 16.07 | 10.86 | 1,396.16 |
|  |  |  |  |  | **Total** | 37,093.98 |

Plaintiff is also entitled to liquidated damages equal to the amount of actual damages. *See* N.Y. Lab. L. § 198(1-a).  Therefore, Plaintiff is entitled to an additional $37,093.98.

<u>Wage notice and statement claim (NYLL)</u>

Plaintiff is entitled to statutory damages for the wage notice and wage statement violations. For the wage notice violation, damages are $50 per day and are capped at $5,000. N.Y. Lab. L. § 198(1-b).  While the damages cap was raised to $5,000 on February 27, 2015, Defendants were in continuous violation for at least 100 days following that amendment.  *See* 2014 N.Y. Sess. Laws Ch. 537 § 2 (effective Feb. 27, 2015) (raising statutory damages cap from $2,500 to $5,000 in private actions); *see also* N.Y. Lab. L. § 198(1-b) ("he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or *continue to occur*") (emphasis added).  Therefore, Plaintiff is owed $5,000 for the wage notice violation.

Wage statements are also required for each payment of wages.  Damages are $250 per day and are capped at $5,000.  N.Y. Lab. L. § 198(1-d).  Defendants continuously violated the statute following the amendment and did so for a sufficient number of days following that date to reach the statutory maximum.  Therefore, Plaintiff is owed $5,000 for the wage statement violations.

### *Prejudgment Interest and Attorney's Fees*

Under New York law, Plaintiff is entitled to prejudgment interest on actual damages.  *See*

N.Y. C.P.L.R. § 5001(a); N.Y. Lab. L. § 663(1).  Prejudgment interest is calculated on a simple

basis and applies only to the lost wages, not the liquidated damages or statutory damages.

*Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F.Supp.3d 19, 49 (E.D.N.Y. 2015).  The Court

has discretion to choose a reasonable accrual point, with the midpoint used by courts in this

district.  *See Santana*, 198 F.Supp.3d at 294-95.  Using February 15, 2015 as the start point and

November 15, 2018 as the end date, the Court finds the midpoint to be December 30, 2016.  The

time elapsed between December 30, 2016 and April 20, 2020 is 1,207 days or 3.3068 years.

Thus, Plaintiff is entitled to $37,304.53, multiplied by 3.3068, multiplied by 0.09, or $11,102.28.

Finally, Plaintiff is also entitled to attorney's fees and costs.  In determining fee awards

under federal and New York labor law, courts use the lodestar method.  *See Anthony v. Franklin*

*First Fin., Ltd.*, 844 F.Supp.2d 504, 506 (S.D.N.Y. 2012) (FLSA and NYLL case).  "The Court

assesses the reasonableness of a proposed hourly rate by considering the prevailing market rate

for lawyers in the district in which the ruling court sits."  *Id*. at 507.  In this case, Plaintiff's

Counsel has provided the Court with the mean hourly rates for labor attorneys in the New York

area.  *See* Dkt. 26–7 (noting mean partner rate of $682 and mean associate rate of $473 in third

quarter of 2018.  Counsel's rates of $600 for firm principal Pechman and $225 for two junior

associates fall below those averages.   (Dkt. 26 at 8–9.)  Therefore, the Court finds the customary

rates of Plaintiff's counsel to be reasonable.  The Court awards fees and costs of $16,292.38.

(Dkt. 26–5.)

### Conclusion

The Court orders the entry of default judgment against Defendants Morocho and AJMM

Trucking.  Plaintiff is awarded $95,711.34 in damages (including prejudgment interest) and an

additional $16,292.38 in attorney's fees and costs.[2]

SO ORDERED.

Dated: April 20, 2020
       New York, New York

_____
                LEWIS J. LIMAN
            United States District Judge

---

[2] At the telephonic default judgment hearing today, Plaintiff's counsel requested $112,664.74 in damages. Plaintiff's proposed default judgment, however, requests "$95,862.55 plus attorneys' fees, costs, and disbursements of this action in the amount of $16,292.38, amounting in all to $112,154.93." (Dkt. No. 26-4.) The Court notes that its order today differs only by $151.21 from the amounts specified in the proposed default judgment.